IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| RACHEL H., BY AND THROUGH HER PARENTS, | ) ) ) | CIVIL NO. 13-00263 HG-BMK |
|  | ) |  |
| Plaintiff, | ) ) |  |
| vs. | ) ) |  |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) |  |
|  | ) ) |  |
| Defendant. | ) ) |  |

**ORDER AFFIRMING DECISION OF ADMINISTRATIVE HEARINGS OFFICER**

Plaintiff Rachel H., by and through her Parents, appeals an Administrative Hearings Officer's Decision in a case arising pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 <u>et</u> <u>seq.</u>

Rachel H.'s Parents challenged the Hawaii Department of Education's offer of a free appropriate public education. Her Parents argued that the Department of Education violated the IDEA when the Principal of Kalani High School sent the Parents a letter dated July 30, 2012. The July 30, 2012 letter was sent in response to the Father's July 22, 2012 email declining Rachel H.'s May 10, 2012 Individualized Education Program. On April 25, 2013, the Administrative Hearings Officer issued a

1

Decision, granting summary judgment in favor of the Hawaii Department of Education finding that Rachel H. had not been denied a free appropriate public education ("FAPE"). The Administrative Hearings Officer found the Department's July 30, 2012 letter did not alter the FAPE provided for Rachel H. in her May 10, 2012 Individualized Education Program.

Rachel's Parents seek the reversal of the Administrative Hearings Officer's Decision.

The Administrative Hearings Officer's Decision is **AFFIRMED.**

## PROCEDURAL HISTORY

On January 30, 2013, Plaintiff Rachel H., by and through her Parents, filed a Request for an Impartial Hearing, asserting the Hawaii Department of Education ("DOE") denied Rachel H. a free and appropriate education. (Admin. R. On Appeal, Ex. 1, ECF No. 16).

On March 11, 2013, Rachel's Parents filed a Motion for Summary Judgment with the Administrative Hearings Officer. (Admin. R. On Appeal, Ex. 5, ECF No. 16).

On March 19, 2013, the Defendant DOE filed an Opposition to Parents' Motion for Summary Judgment. (Admin. R. On Appeal, Ex. 6, ECF No. 16).

On March 25, 2013, the Administrative Hearing was held. (Admin. Hr'g Tr., Mar. 25, 2013, ECF No. 17).

On April 25, 2013, the Administrative Hearings Officer issued an Order, denying Parents' Motion for Summary Judgment and granting summary judgment for the Defendant DOE. (Admin. R., Ex. 12, ECF No. 16).

On May 24, 2013, Rachel's Parents filed a Complaint in the Hawaii Federal District Court, appealing the Administrative Hearings Officer's Decision. (ECF No. 1).

On November 1, 2013, the Court issued a Briefing Schedule. (ECF No. 12).

On January 13, 2014, the Parents requested a continuance for the hearing on the administrative record. (ECF No. 13).

On January 23, 2014, the Court granted the Parents' request. (ECF No. 14).

On February 13, 2014, the Court received the Administrative Record on Appeal. (ECF Nos. 16-17).

On February 18, 2014, the Parents filed an Opening Brief. (ECF No. 18).

On March 20, 2014, the Defendant DOE filed an Answering Brief. (ECF No. 20).

On April 1, 2014, the case was reassigned to the Honorable Judge Helen Gillmor. (ECF. No. 21).

On April 2, 2014, the Parents filed a request to extend the deadline to file a Reply brief. (ECF No. 24). The Court granted the Parents' request. (Id.)

On April 4, 2014, the Parents filed a Reply. (ECF No. 25).

On April 30, 2014, Defendant DOE filed a document attaching previously uncited authorities pursuant to Local Rule 7.8. (ECF No. 26).

On May 12, 2014, the Court held a hearing and took the matter under submission. (ECF No. 27).

## INDIVIDUALS WITH DISABILITIES EDUCATION ACT

Congress enacted the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., to financially assist state and local agencies in educating students with disabilities. See Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1469 (9th Cir. 1993). The IDEA's goal is to ensure that children with disabilities are provided with a free appropriate public education ("FAPE") that is designed to meet their unique needs and prepare them for the future. 20 U.S.C. § 1400(d)(1)(A).

As a recipient of federal funds, the State of Hawaii, Department of Education must "establish and maintain procedures in accordance with [the IDEA] to ensure that

children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a [FAPE]." 20 U.S.C. § 1415(a).

The mechanism for ensuring a FAPE is through the development of a detailed, individualized instruction plan known as an Individualized Education Program ("IEP") for each child. 20 U.S.C. §§ 1401(9), 1401(14), and 1414(d). The IEP is a written statement, prepared at a meeting of qualified representatives of the local educational agency, the child's teacher, parent(s), and where appropriate, the child. The IEP contains, in part, a statement of the present levels of the child's educational performance, a statement of the child's annual goals and short term objectives, and a statement of specific educational services to be provided for the child. 20 U.S.C. § 1401(19). The IEP is reviewed, and if appropriate, revised, at least once each year. 20 U.S.C. § 1414(d).

The State of Hawaii, Department of Education must provide the parents of a disabled child with Prior Written Notice when it proposes to initiate or change the identification, evaluation, or educational placement of the child, or the provision of a free appropriate education to the child. 20 U.S.C. § 1415(b)(3); 34 C.F.R. § 300.503.

A parent may challenge an IEP or Prior Written Notice by filing a request for a due process hearing. 20 U.S.C. §§ 1415(b)(6), 1415(f). A challenge to an IEP may allege a procedural or substantive violation of the IDEA. J.W. ex rel. J.E.W. v. Fresno Unif. Sch. Dist., 626 F.3d 431, 432-33 (9th Cir. 2010). A procedural violation occurs when a state violates the IDEA's statutory or regulatory procedures in creating or implementing an IEP. A substantive violation occurs when a state offers an IEP that is not reasonably calculated to enable the child to receive a meaningful educational benefit. Id.

## BACKGROUND

### 2009-2010

### Rachel H.'s Public School Attendance

Rachel H. is an eighteen year old with Down syndrome. (Admin. R., Ex. 5 at p. 44, ECF No. 16). She moved to Hawaii in July 2009. Rachel H. attended public school at Kaimuki Middle School for the 2009-2010 academic year. (Id. at p. 45).

### 2010-2011

### Rachel H's Private School Attendance
### and Challenges to Previous IEPs

Defendant Hawaii Department of Education ("DOE") provided Rachel H. with an IEP for the 2010-2011 academic year to be

implemented at Kaimuki Middle School.  Rachel's Parents
objected to the IEP and requested a due process hearing.
(Admin. R., Ex. 5 at p. 45, ECF No. 16).  Rachel H.'s Parents
removed her from public school and placed her in private
school at the Academy of the Pacific ("AOP") before the
beginning of the 2010-2011 academic year.  (Id.)

On July 26, 2010, the Parties came to a settlement
agreement as to the 2010-2011 school year and the due process
proceeding was dismissed.  The terms of the settlement
agreement provided that the Defendant DOE would pay Rachel
H.'s full private school tuition at AOP.  (Id.)  The Parents
agreed to pay for any additional expenses for Rachel H.,
including her one-on-one educational assistant.  (Id.)

**2011-2012**

The Defendant DOE provided Rachel H. with an IEP for the
2011-2012 academic year to be implemented at Kalani High
School (DOE-SY1112-069).  (Admin. R., Ex. 5 at p. 46, ECF No.
16).  Parents objected to the IEP and requested a due process
hearing.  (Id.)  Rachel H. continued to attend AOP.  On
February 6, 2012, once again, the Parties came to a settlement
agreement and the due process proceeding was dismissed.  The
terms of the settlement agreement again provided that the DOE
would pay Rachel's full tuition at AOP for the 2011-2012

7

school year.  (Id.)  Her Parents continued to pay for Rachel H.'s additional expenses, including her one-on-one educational assistant.  (Id.)

## 2012-2013

### The May 10, 2012 IEP

On May 10, 2012, the Defendant DOE convened an IEP meeting for Rachel H. at Kalani High School.  Kalani High School was Rachel H.'s "home school."  Rachel. H.'s Father attended the meeting with the IEP Team.  The IEP Team consisted of: the Principal of Kalani High School Mitchell Otani, DOE Counselor Collin Awa, DOE Transition Teacher Donna Tamaye, a general education teacher, DOE District Resource Teacher Janice Rogers, DOE Special Education Teacher Joseph Yuen, DOE Special Education Teacher Laurieann Seu, DOE Student Service Coordinator Tora Nishimiya, and State of Hawaii Deputy Attorney General Toby Tonaki.  (Admin. R. Ex. 6 at A, May 10, 2012 IEP, ECF No. 16).

The IEP Team considered Rachel's Father's input and the Present Levels of Performance ("PLEP")[1] dated May 4, 2012, in

---

[1] The Present Level of Educational Performance ("PLEP") is a summary describing the student's current achievement in the areas of need. It addresses how the student's disability affects involvement and progress in the general education curriculum, and sets forth effective teaching approaches, and

formulating the IEP.  (Admin. R. Ex. 6 at A, May 10, 2012 IEP, ECF No. 16).

The May 10, 2012 IEP recognized that Rachel continued to have "difficulties in reading, writing, math, communication, on task/focusing skills, and social skills [that] impact her participation in the general education setting without special education support."  (Id. at p. 7).  The May 10, 2012 IEP stated that Rachel H.'s "IEP will be implemented on a public school campus."  (Id. at p. 18).  The May 10, 2012 IEP provided that Rachel H. would return to public school.  The IEP prescribed the following plan in which Rachel H. would receive:

(1)  1600 minutes per week of special education in the general education setting;

(2)  270 minutes per quarter of speech consultation in the general education setting;

(3)  1875 minutes per week of one-on-one adult support; and

(4)  additional supplemental aids and services, including among others, adapted assignments, use of calculator, and flexible setting for testing.

(Id. at pp. 18-19).

---

goals to enable success.  20 U.S.C. § 1414(d)(1)(A).

The IEP also provided that Rachel H. would receive transition services from a Transition Teacher and Classroom Teachers.  (<u>Id.</u> at p. 8).

### The May 15, 2012 Prior Written Notice

On May 15, 2012, Kalani High School Principal Mitchell Otani followed up the IEP with Defendant DOE's Prior Written Notice of Department Action.  (Admin. R. Ex. 6 at B, May 15, 2012 Prior Written Notice, ECF No. 16).  The Prior Written Notice explained the terms of Rachel H.'s May 10, 2012 IEP. The Prior Written Notice provided Kalani High School as Rachel H.'s home school.  The Prior Written Notice informed Parents that Rachel H.'s placement on a private school campus was considered.  The Prior Written Notice informed Parents that Rachel H.'s May 10, 2012 IEP would not be implemented at AOP because her "IEP can be implemented on a DOE Public School Campus."  (<u>Id.</u>)  The Prior Written Notice stated that a transfer plan would be developed to provide for a smooth transition between AOP and Kalani High School for the 2012-13 academic year.  (<u>Id.</u>)

On June 29, 2012, Principal Otani sent a letter to Rachel H.'s Parents to arrange a meeting to discuss her transition to public school.  (Admin. R. Ex. 6 at C, DOE June 29, 2012

letter, ECF No. 16).  The Parents did not respond to the letter.

Principal Otani sent a follow-up letter on July 17, 2012. (Admin. R. Ex. 6 at D, DOE July 17, 2012, letter, ECF No. 16). The July 17, 2012 letter informed Rachel's Parents that the meeting to discuss her transition would be held on July 23, 2012.  (Id.)

On July 22, 2012, Rachel H.'s Father sent an email to Principal Otani and Jill Tamauchi, the Student Services Coordinator at Kalani High School.  (Admin. R. Ex. 6 at E, Father's July 22, 2012 email, ECF No. 16).

The July 22, 2012 email provided:

> I am writing to advise that there is no purpose to holding a transfer plan meeting for Rachel to attend Kalani High School, because, due to very recent developments, Kalani will under no circumstances be Rachel's local public high school.  As I have previously discussed with various personnel on behalf of DOE, my family has been contemplating the possibility of a move to Kailua for some time.  That move, however, has been contingent on us selling our present house.  After working for the past several months on renovations required to ready the house for sale, we have been fortunate enough to have the house under contract after only a few days on the market (a circumstance that obviously could not be predicted).  Moreover, the buyer has requested an accelerated close of escrow.  Consequently, we will be vacating our current house on August 10, and relocating to temporary quarters in Kailua pending the close of a home purchase there.  Under no circumstances will Rachel be attending Kalani.

Moreover, DOE has made clear that in extending its

11

offer of what it considers to be its ability to provide FAPE to Rachel, it has relied on the particular qualifications, programs, and personnel that are specific to Kalani High School.  Whether or not Kalani actually could provide Rachel with the free appropriate public education to which the law entitles her, the fact is that the qualifications, programs, and personnel specific to Kalani are not present at the public high schools in Kailua.

Please accept this as notice Rachel will continue to attend Academy of the Pacific at public expense, pursuant to the arrangements currently in place.  Please also pass this email along to all relevant personnel at Kalani and DOE.

(Id.) (emphasis added).

The Father's July 22, 2012 email stated the following positions:

(1) The DOE need not hold a transfer plan meeting because Kalani would not be Rachel's local public high school for the 2012-2013 academic year.

(2) Rachel's family would be moving in August to "temporary quarters" in Kailua and "under no circumstances will Rachel be attending Kalani."

(3) The qualifications, programs, and personnel specific to Kalani are not present at public high schools in Kailua.

(4) Rachel will attend Academy of the Pacific for the 2012-2013 academic year at public expense.

**Principal Otani's July 30, 2012 Letter**

On July 30, 2012, Principal Otani sent Rachel's Parents a letter in response to her Father's July 22, 2012 email. (Admin. R. Ex. 6 at F, Principal Otani's July 30, 2012 letter,

ECF No. 16).

The July 30, 2012 letter provided:

Thank you for informing Kalani High School of your
intent to keep Rachel at the Academy of the Pacific
(AOP) for the 2012-13 school year.

Rachel's current Individualized Education Program
(IEP) is based on her current strengths and needs
and is not specific to Kalani High School.  Please
inform us of your new address in Kailua as soon as
possible so the location where Rachel's IEP can be
implemented can be determined, and your new home
school can prepare to provide Rachel with the
special education and related services identified in
her IEP.  Until your move, Kalani High School will
continue to be Rachel's home school and she can
attend Kalani High School should you decide to send
her to a public school.

The Department of Education does not consent to
Rachel's placement at AOP at public expense.  If you
choose to enroll Rachel at AOP, that is your choice
and the Department of Education will consider it a
unilateral placement at parents' expense[.]

(Id.) (emphasis added).

Principal Otani requested Rachel H.'s Kailua address so
the Defendant DOE could identify the public high school
nearest to Rachel's new legal address.  (Id.)  The Defendant
DOE requested Rachel H.'s address to determine if a public
high school in Kailua could provide Rachel with the special
education and services identified in her IEP, should the
Parents decide to accept the offer of a FAPE.  (Id.)  The
letter explained that Kalani High School would continue to be
Rachel's home school until the family notified them of their

13

new location and a determination could be made as to what public high school could implement Rachel's May 10, 2012 IEP. (Id.)

The July 30, 2012 letter also informed the Parents that the Defendant DOE did not consent to Rachel's placement at AOP for the 2012-2013 academic year at public expense. (Id.) The Defendant DOE stated that it considered Rachel's placement at AOP to be a unilateral placement at the Parents' expense. (Id.)

On September 20, 2012, Principal Otani sent another letter to Rachel H.'s Parents to again request Rachel H.'s new home address. (Admin. R. Ex. 6, at G, DOE Sept. 20, 2012 letter, ECF No. 16).

Principal Otani sent three additional letters in October and November 2012. The DOE was concerned that there was no communication with Rachel H.'s family and it was time to arrange for the triennial disability evaluation. (Admin. R. Ex. 6 at H, I, ECF No. 16). Rachel's Parents did not respond to any of the requests.

On January 11, 2013, Principal Otani, having had no communication from Rachel H.'s family, sent an e-mail and a letter informing Rachel's Parents that her triennial evaluation was scheduled for January 24, 2013. (Admin. R. Ex.

6 at J, DOE Jan. 11, 2013 email attaching letter dated Jan. 11, 2013, ECF No. 16). The same day, Rachel H.'s Father sent Principal Otani an email agreeing to participate in Rachel H.'s triennial evaluation. (Admin. R. at p. 150, Father's email dated Jan. 11, 2013, ECF No. 16). The January 11, 2013 email sent by Rachel's Father provided the Defendant DOE with Rachel's Kailua address for the first time. (Id.)

## Parents' Challenge to the May 10, 2012 IEP

In the Parents' January 30, 2013 Request for an Impartial Hearing ("Due Process Request"), Rachel H.'s Parents claimed the July 30, 2012 letter from Principal Otani denied Rachel H. a FAPE. The Parents objected to the DOE's plan to inquire into the implementation of Rachel H.'s May 10, 2012 IEP at a Kailua public school. (Admin. R. Ex. 1, ECF No. 16).

On March 11, 2013, Rachel H.'s Parents filed a Motion for Summary Judgment. (Admin. R. Ex. 5, ECF No. 16). The Motion argued that Principal Otani's July 30, 2012 letter denied Rachel H. a FAPE. The Motion did not challenge the appropriateness or the substance of the May 10, 2012 IEP or the May 15, 2012 Prior Written Notice.

The Defendant DOE opposed the Motion. (Admin. R. Ex. 6, ECF No. 16). The DOE asserted that the May 10, 2012 IEP and the May 15, 2012 Prior Written Notice provided Rachel H. with

15

a FAPE for the 2012-2013 academic year.  The DOE asserted that Principal Otani's July 30, 2012 letter did not alter its offer of a FAPE.

**The Administrative Hearings Officer's April 25, 2013 Decision**

On March 25, 2013, Administrative Hearing on the Parents' Motion for Summary Judgment was held.  (Admin. Hr'g Tr., Mar. 25, 2013, ECF No. 17).  On April 25, 2013, the Hearings Officer issued a Decision. (Admin. R. Ex. 12, April 2013 Decision, ECF No. 16).  The Hearings Officer denied the Parents' Motion for Summary Judgment and granted summary judgment in favor of the Defendant DOE.

The Hearings Officer concluded the offer of a FAPE was made through the May 10, 2012 IEP and the May 15, 2012 Prior Written Notice for Rachel H. to attend Kalani High School for the 2012-2013 school year.  (Id.)  The Hearings Officer determined that the July 30, 2012 letter from Principal Otani was not an offer of a new FAPE.

The Hearings Officer concluded that the Defendant DOE was not required to provide a new IEP for the 2012-2013 academic year.  (Id.)  The Hearings Officer found that the May 10, 2012 IEP was offered to be implemented at Kalani High School and constituted a FAPE.  The Hearings Officer explained that the

DOE could not have known Rachel H. would be attending any other school than Kalani High School when it prepared the May 10, 2012 IEP. The Hearings Officer found that the Parents did not provide the DOE with Rachel H.'s new address prior to the 2012-2013 academic year. The Hearings Officer concluded that the Parents did not inform the Defendant DOE that the family would be moving until July 22, 2012. Rachel's Parents did not provide the DOE with the family's new address for five and one half months, until January 11, 2013.

On May 24, 2013, the Parents filed the appeal, before this Court, of the April 25, 2013 Decision. (ECF No. 1). Rachel's Parents seek the reversal of the Hearings Officer's Decision.

## STANDARD OF REVIEW

A court evaluating an appeal of an administrative decision under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., receives the records of the administrative proceedings and may hear additional evidence at the request of a party. 20 U.S.C. 1415(i)(2)(C). A court shall grant such relief as the court determines is appropriate, based on a preponderance of the evidence. Id.

### A.    Burden of Proof

17

The burden of proof in an appeal, under the IDEA, is placed upon the party seeking relief, whether that is the child or the school district.  Hood v. Encinitas Union Sch. Dist., 486 F.3d 1099, 1103 (9th Cir. 2007).

As the party challenging the Administrative Decision, Parents bear the burden of demonstrating, by a preponderance of the evidence, that the Administrative Hearings Officer's April 25, 2013 Decision should be reversed.  Hood, 486 F.3d at 1103; J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist., 626 F.3d 431, 438 (9th Cir. 2010).


**B.    Deference to the Administrative Decision**

A reviewing court must give "due weight" to the administrative decision, and must not "substitute their own notions of sound educational policy for those of the school authorities which they review."  Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 206 (1982).

The court, however, has discretion to decide the amount of deference it gives to the administrative findings.  County of San Diego v. California Spec. Educ. Hearing Office, 93 F.3d 1458, 1466 (9th Cir. 1996).  A greater degree of deference should be afforded to hearings officer's findings that are "thorough and careful."  JG v. Douglas County Sch. Dist., 522

F.3d 786, 793 (9th Cir. 2008).

Although the court must carefully consider the hearings officer's findings and address the hearings officer's resolution of each material issue, the ultimate determination of an IEP's appropriateness is reviewed *de novo*.  <u>Id.</u>

### C.    Application of the Individuals with Disabilities Education Act

States must comply procedurally and substantively with the IDEA to ensure that a child receives a FAPE.  <u>N.B. v. Hellgate Elem. Sch. Dist.</u>, 541 F.3d 1202, 1207 (9th Cir. 2008).  To determine whether a child has received a FAPE, the Court's inquiry is twofold: (1) has the State complied with the IDEA's procedures and (2) is the IEP developed through the IDEA's procedures reasonably calculated to enable the child to receive educational benefits?  <u>See</u> <u>Rowley</u>, 458 U.S. at 206-07; <u>Anchorage Sch. Dist. v. M.P.</u>, 689 F.3d 1047, 1054-55 (9th Cir. 2012).  If procedural inadequacies result in the loss of educational opportunity, seriously infringe a parent's opportunity to participate in the IEP formulation process, or caused a deprivation of educational benefits, a court need not reach the issue of substantive compliance. <u>Id.</u>

An appropriate public education does not mean the best of

"potential-maximizing" education for the individual child.

J.W. ex rel J.E.W. v. Fresno Unified Sch. Dist., 626 F.3d 431, 439 (9th Cir. 2010). A school district's duty under the IDEA, however, is not met by providing a program that produces some minimal academic advancement, no matter how trivial. Id.

The states are obligated to provide a "basic floor of opportunity" through a program individually designed to provide educational benefit to the disabled child. Rowley, 458 U.S. 201. The IDEA ensures that all children with disabilities have available to them a FAPE that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living. 20 U.S.C. § 1400(d)(1)(A).

## ANALYSIS

Plaintiff Rachel H., by and through her Parents, ("Parents"), appeal the Decision of the Administrative Hearings Officer ("Hearings Officer"), finding the May 10, 2012 Individualized Education Program and May 15, 2012 Prior Written Notice provided Rachel H. with a free appropriate public education ("FAPE").

## I.  THE ADMINISTRATIVE HEARINGS OFFICER'S APRIL 2013 DECISION IS ENTITLED TO SUBSTANTIAL DEFERENCE

A hearings officer's findings are considered "thorough and careful" when the hearings officer participates in the questioning of witnesses, includes a complete factual background, and a discrete analysis supporting the ultimate conclusions. <u>R.B., ex rel. F.B.v. Napa Valley Unified Sch. Dist.</u>, 496 F.3d 932, 942 (9th Cir. 2007).

The Hearings Officer's April 2013 Decision includes appropriate and sufficient factual background and analysis regarding Rachel H.'s challenges to the May 10, 2012 Individualized Education Program ("IEP") and May 15, 2012 Prior Written Notice.  The Decision demonstrates the Hearings Officer gave careful consideration to the Parties' motions and Post-Hearing Briefs.  The Hearings Officer participated in questioning the Parties and showed a strong familiarity with the evidence.  (See Admin. Hr'g Tr., Mar. 25, 2013, at pp. 4-6, 15-18, 25-26, ECF No. 17).

The Hearings Officer made thorough and careful findings. The Hearings Officer's April 2013 Decision is entitled to substantial deference.

## II.  THE ADMINISTRATIVE HEARINGS OFFICER PROPERLY DETERMINED THAT THE DEPARTMENT OF EDUCATION OFFERED RACHEL H. A FREE APPROPRIATE PUBLIC EDUCATION

Rachel's Parents did not challenge the validity of the May 10, 2012 IEP or the May 15, 2012 Prior Written Notice in either the Due Process Hearing Request or the Motion for Summary Judgment before the Hearings Officer. (Admin. R. at Exs. 1, 5, ECF No. 16). The Parents' arguments focused on whether the July 30, 2012 letter changed the terms of the May 10, 2012 IEP and May 15, 2012 Prior Written Notice such that the Defendant DOE denied Rachel H. a free appropriate education ("FAPE"). The Administrative Hearings Officer properly limited the scope of the April 2013 Decision to the Parents' arguments regarding the meaning and effect of the July 30, 2012 letter sent by Kalani High School Principal Otani on behalf of the Defendant Hawaii Department of Education ("DOE").

### A. The Hearings Officer Properly Found that the DOE Provided Plaintiff With a FAPE Through the May 10, 2012 IEP and May 15, 2012 Prior Written Notice

The state's educational agency must provide disabled students with a FAPE in compliance with the IDEA. 20 U.S.C. § 1401(9). The student's FAPE must be "tailored to the unique needs of the handicapped child" by means of an IEP. Board of Educ. of Hendrick Hudson Central Sch. Dist. v. Rowley, 458 U.S. 176, 181 (1982).

The IDEA also includes procedural safeguards to allow the

child's parents to participate along with teachers and school district representatives in the process of determining what constitutes a FAPE.  <u>Hoeft v. Tuscon Unified Sch. Dist.</u>, 967 F.3d 1298, 1300 (9th Cir. 1992).

### 1. Rachel H.'s May 10, 2012 IEP

#### a. Kalani High School is the "home school"

A student's "home school" is the public school nearest to the student's legal residence that can implement the student's IEP.  (Admin. R. Ex. 6, Decl. of Beverly Reidy, ECF No. 16); Hawaii Administrative Code § 8-13-12.

The Hawaii Department of Education determines the student's home school by first considering if the public school nearest to the student's legal residence could implement the IEP.  (Admin. R. Ex. 6, Decl. of Beverly Reidy, ECF No. 16; Admin. Hr'g Tr., Mar. 25, 2013, at p. 20, ECF No. 17).

If the nearest public school to a student's residence is unable to implement the student's IEP, the DOE determines if another public school could implement the student's IEP. (Admin. R. Ex. 6, Decl. of Beverly Reidy, ECF No. 16).  If another public school is able to implement the student's IEP, that public school would become the student's "home school."

(Id. at ¶ 10).

On May 10, 2012, Rachel H.'s father ("Father") attended a meeting at Kalani High School with the nine members of her IEP Team. (Admin. R. Ex. 6 at A, May 10, 2012 IEP at p. 19, ECF No. 16). The meeting was conducted at Kalani High School, Rachel H.'s designated "home school" for the 2011-2012 school year. (Id. at p. 1). Kalani High School was once again designated as Rachel H.'s home school because it was the public high school nearest to Rachel H.'s residence in May 2012 that could implement her IEP. (Admin. R. Ex. 12, April 25, 2013 Decision at pp. 2, 6,; Ex. 6, Decl. Of Prinicpal Otani at ¶ 3-4, ECF No. 16; See Admin. Hr'g Tr., Mar. 25, 2013, at pp. 4, 21-24, ECF No. 17).

The May 10, 2012 IEP stated that Rachel H.'s "IEP will be implemented on a public school campus." (Id. at p. 18). The IEP Team considered Father's input that Rachel H. was "doing well at [Academy of the Pacific.]" (Admin. R. Ex. 6 at May 10, 2012 IEP, p. 19, ECF No. 16).

The Hearings Officer found "that, at the time the May 10, 2012 IEP was created, the parties considered Kalani High School the location of the offered placement." (Admin. R. Ex. 12, April 25, 2013 Decision at p. 6, ECF No. 16).

The Defendant DOE determined that Rachel's May 10, 2012

IEP could be implemented at Kalani High School. Although Rachel's May 10, 2012 IEP stated that it would be implemented "on a public school campus," the Parents understood that Kalani High School was the location where the educational services provided for in Rachel's May 10, 2012 IEP were being offered for the 2012-2013 academic year. (Admin. R. Ex. 6 at A, p.18, May 10, 2012 IEP; Admin. R. Ex. 12, April 25, 2013 Decision at p. 6, ECF No. 16).

Rachel's Parents were afforded the opportunity to participate in the development of Rachel's May 10, 2012 IEP. 20 U.S.C. § 1415(b)(1); <u>Deer Valley Unified Sch. Dist. v. L.P ex. rel. Schripsema</u>, 942 F.Supp.2d 880, 887 (D. Ariz. Mar. 21, 2013). Rachel H.'s Parents do not dispute that Kalani High School was designated as Rachel's "home school," and that they understood Kalani High School was the location where Rachel's May 10, 2012 IEP would be implemented.

### b. Placement in the Least Restrictive Environment

Rachel's May 10, 2012 IEP also provided for her educational placement. It is necessary to define the use of the term "placement" versus use of the term "location." Location is the physical location where the services provided for in a child's IEP will be provided. <u>Melodee H. v. Dep't of</u>

Educ., Civ. No. 07-0256HG-LK, 2008 WL 2051757 *7 (D. Haw. May 13, 2008).  Placement "means the general educational program of the student."  N.D. v. Dep't of Educ., 600 F.3d 1104, 1116 (9th Cir. 2010).

Hawaii Administrative Rule § 8-60-2 provides that "'placement' means an appropriate educational setting for the implementation of the program for a student with a disability based upon the [IEP].  It does not mean the specific location or school but the type of placement on the continuum of placement options (e.g., regular classroom with support, special class, special school, etc.)."

Both state and federal regulations require the IEP to provide for the child's educational placement in the Least Restricted Environment.  34 C.F.R. §§ 300.114, 300.116; Hawaii Administrative Rule § 8-60-17.

The concept of Least Restrictive Environment is defined in the IDEA:

> To the maximum extent appropriate, children with disabilities, including children in public or private institutions or other care facilities, are educated with children who are not disabled, and special classes, separate schooling, or other removal of children with disabilities from the regular educational environment occurs only when the nature or severity of the disability of a child is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily.

20 U.S.C. § 1412(a)(5); <u>see</u> Hawaii Administrative Rule § 8-60-15.

The regulations leave it up to the discretion of the school district as to the particular site (location) where the educational services will be provided with some exceptions. <u>Melodee H.</u>, Civ. No. 07-0256HG-LK, 2008 WL 2051757 at *7; (Def.'s L.R. 7.8 Submission, Ex. 1, <u>Letter to Trigg</u>, 50 IDELR 48 (Nov. 30, 2007), ECF No. 26).

The state and federal regulations require the school district to provide for a child's placement "as close as possible to the child's home" and "in the school that the student would attend if nondisabled" unless the IEP requires other arrangements. 34 C.F.R. § 300.116(b)-(c); Hawaii Administrative Rule § 8-60-17(2)-(3).

Rachel H.'s May 10, 2012 IEP described her education program consistent with the Least Restrictive Environment. Rachel H.'s May 10, 2012 IEP provided:

> Rachel will participate with her nondisabled peers and receive specialized instruction for English, Science, Social Studies, Math, PE, elective classes including recess, lunch, and assemblies in the general education setting with 1:1 adult support. She will participate with her nondisabled peers in all school wide extracurricular activities. Her IEP will be implemented on a public school campus.

(Admin. R. Ex. 6 at A, May 10, 2012 IEP at p. 18, ECF No. 16).

Rachel H.'s May 10, 2012 IEP recognized that Rachel

27

continued to have difficulties in a number of areas that impacted her "participation in the general education setting without special education support." (Admin. R. Ex. 6 at A, May 10, 2012 IEP, ECF No. 16).

The school district may decide upon the particular location where the educational services identified in a student's IEP will be provided. <u>Melodee H.</u>, Civ. No. 07-0256HG-LK, 2008 WL 2051757 at *7. The school district properly considered the state and federal regulations. At the time Rachel H.'s IEP was created, Kalani High School was the public school nearest to her home and the public school she would have attended if not disabled. 34 C.F.R. § 300.116; Hawaii Administrative Rule § 8-60-17.

The Hearings Officer properly concluded that the May 10, 2012 IEP constituted an offer of a FAPE.

## 2. The May 15, 2012 Prior Written Notice

The IDEA requires Prior Written Notice to parents when an educational agency proposes to initiate or change the educational placement of a disabled child. 20 U.S.C. § 1415(b)(3); Hawaii Administrative Rules § 8-60-58(a)(1)-(2).

The Defendant DOE provided the Parents with Prior Written Notice that it would implement Rachel H.'s May 10, 2012 IEP on a public school campus rather than on a private school campus.

On May 15, 2012, Mitchell Otani, the Principal of Kalani High School, sent Parents the necessary Prior Written Notice of Department Action. (Admin. R. Ex. 6 at B, May 15, 2010 Prior Written Notice, ECF No. 16). The Prior Written Notice informed Parents that the DOE had considered a private school campus for the 2012-2013 academic year. (Id.) The Prior Written Notice stated that private school was rejected because "Rachel's IEP can be implemented on a DOE Public School Campus." (Id.)

The May 10, 2012 IEP and the May 15, 2012 Prior Written Notice provided Rachel H. with a FAPE. The Parents did not challenge the validity of the May 10, 2012 IEP or the May 15, 2012 Prior Written Notice before the Hearings Officer. Rachel H.'s Parents argue that the offer of FAPE was changed when Principal Otani sent them the July 30, 2012 letter.

**B. The Hearings Officer Properly Determined Principal Otani's July 30, 2012 Letter Did Not Change the DOE's Offer of FAPE**

The May 15, 2012 Prior Written Notice informed Rachel H.'s Parents that a transfer plan would be developed to provide for a smooth transition for Rachel H. from private school to public school. (Admin. R. Ex. 6 at B, May 15, 2010 Prior Written Notice, ECF No. 16).

29

The Defendant DOE attempted to contact Rachel's Parents after it sent the Prior Written Notice in order to provide for transition services for Rachel H. from Academy of the Pacific to attend Kalani High School for the 2012-2013 academic year. Principal Otani sent letters to Rachel's Parents on June 29, 2012, and on July 17, 2012, to schedule meetings to provide Rachel H. with transition services. (Admin. R. Ex. 6 at C, D, DOE letters dated June 29, 2012, July 17, 2012, ECF No. 16).

On July 22, 2012, Rachel H.'s Father sent an email to Principal Otani and Kalani High School's Student Services Coordinator, informing them that Rachel H. would not attend Kalani High School for the 2012-2013 academic year. (Admin. R. Ex. 6 at E, Father's email dated July 22, 2012, ECF No. 16). Her Father declined the DOE's offer of transition services for Rachel H. to attend Kalani High School. (Id.) Rachel's Father informed the DOE that the family would be moving in August to temporary quarters in Kailua. (Id.) Her Father stated that "under no circumstances will Rachel be attending Kalani." (Id.) Father declined the DOE's offer to implement Rachel H.'s May 10, 2012 IEP at Kalani High School. (Id.) Rachel's Father notified the Defendant DOE that Rachel would attend Academy of the Pacific for the 2012-2013 academic year. (Id.)

On July 30, 2012, Principal Otani responded by sending a letter to Rachel H.'s Parents that requested her new address. (Admin. R. Ex. 6 at F, Principal Otani's July 30, 2012 Letter, ECF No. 16). Principal Otani's letter to Rachel's Parents requested their new Kailua address "as soon as possible." (Id.) The Defendant DOE needed to obtain Rachel H.'s new address in order to begin the process of determining her new home school. There are three different public high schools in Kailua. (Admin. R. Ex. 6, Decl. of Beverly Reidy, ECF No. 16). If Parents had provided Rachel H.'s address, the DOE would have made a determination as to which high school in Kailua, if any, could have implemented Rachel H.'s IEP. (Id.) Principal Otani's July 30, 2012 letter explained to the Parents that the DOE needed Rachel's address in order to make the determination of where the May 10, 2012 IEP "could be implemented." (Id.) The DOE maintained that before it received her new address "Kalani High School will continue to be Rachel's home school." (Id.) Principal Otani informed the Parents that the Defendant DOE's offer of a FAPE continued to be available for Rachel H. to "attend Kalani High School should you decide to send her to a public school." (Id.)

Rachel's Parents prevented the DOE from making a determination as to what high school would be Rachel H.'s home

school based on her family's move to Kailua.  The Parents did
not provide the DOE with Rachel H.'s home address until
January 11, 2013, five months into the 2012-2013 academic
year.  (Admin. R. Ex. 6 at J, Father's email dated Jan. 11,
2013, ECF No. 16).

The Parents claim they were not obligated to provide the
DOE of Rachel H.'s new address because Principal Otani's July
30, 2012 letter denied Rachel H. a FAPE.  The Parents assert
that the July 30, 2012 letter attempted to change the
educational placement in Rachel H.'s May 10, 2012 IEP when, in
fact, there was no change to the school she would attend.  The
Parents claim that the July 30, 2012 letter predetermined that
the May 10, 2012 IEP would be implemented at a public school
in Kailua.

## 1.    The July 30, 2012 Letter Did Not Change Rachel H.'s Educational Placement

Rachel's Parents argue that Principal Otani's July 30,
2012 letter attempted to change the placement provided for in
the May 10, 2012 IEP and May 15, 2012 Prior Written Notice.
The Parents attempt to rely on a decision by the Ninth Circuit
Court of Appeals in Union School District v. Smith, 15 F.3d
1519, 1526 (9th Cir. 1994) as a basis to argue that the
Defendant DOE was required to identify the particular school

where Rachel's IEP would be implemented.

In <u>Union School District</u>, a school district failed to present the parents of an autistic child with a written offer of placement because it believed that the parents were unwilling to consider its placement. 15 F.3d at 1524-26. The Ninth Circuit Court of Appeals explained that the school district's failure to provide a formal, written offer of educational placement violated the IDEA. <u>Id.</u> The Ninth Circuit Court of Appeals explained that a formal, written offer would have allowed the parents to consider whether to accept a particular IEP. <u>Id.</u>

The May 10, 2012 IEP and May 15, 2012 Prior Written Notice provided a formal, written educational placement offer for Rachel's parents to consider. (Admin. R. Ex. 6 at A, B, ECF No. 16). The May 10, 2012 IEP provided a detailed explanation of the classes, services, and attention Rachel H. would be provided. (<u>Id.</u> at Ex. A).

Principal Otani's July 30, 2012 letter did not change Rachel H.'s educational placement or the location where Rachel H.'s IEP would be implemented. The letter specified that until the Defendant DOE received Rachel H.'s new address "Kalani High School will continue to be Rachel's home school and she can attend Kalani High School should you decide to

33

send her to a public school." (Admin. R. Ex. 6 at F, DOE July 30, 2012 letter, ECF No. 16). The July 30, 2012 letter informed Parents that its prior formal, written offer of educational placement continued to be available despite Father's July 22, 2012 e-mail rejecting the offer of a FAPE.

Unlike the plaintiff in Union, the Parents were provided with a formal, written offer of educational placement in the May 10, 2012 IEP. J.W. ex. rel. J.E.W. v. Fresno Unified School Dist., 626 F.3d 431, 460 (9th Cir. 2010).

The Parents also rely on an unpublished decision in Hawaii federal district court: Marcus I., ex. rel. Karen I., v. Dep't of Educ., Hawaii, Civ. No. 10-381 SOM-BMK, 2011 WL 1833207, *9 (D. Haw. May 9, 2011). In Marcus I., the parent of a disabled child was unable to properly consider her son's IEP because there was ambiguity as to where the IEP would be implemented. (Id.)

Here, there was no ambiguity as to where Rachel H.'s May 10, 2012 IEP would be implemented. The Hearings Officer found that the Parties understood that the May 10, 2012 IEP was developed for Rachel H. to attend Kalani High School during the 2012-2013 academic year. (Admin. R. Ex. 12, April 25, 2013 Decision at p. 6, ECF No. 16).

The Hearings Officer properly determined that Rachel's

Parents understood that her May 10, 2012 IEP would be implemented at Kalani High School. The Hearings Officer properly found Principal Otani's July 30, 2012 letter was "not an offer of FAPE or an offer to change the placement offered." (Admin. R. Ex. 12, April 25, 2013 Decision at pp. 7-8, ECF No. 16). The May 10, 2012 IEP and May 15, 2012 Prior Written Notice provided Parents with a formal, written offer of educational placement consistent with the holding in Union School District.

### 2. The July 30, 2012 Letter Did Not Predetermine Rachel H.'s Educational Placement

A school district violates the IDEA if it predetermines placement for a student before the IEP is developed or steers the IEP to a predetermined placement. K.D. ex rel. C.L. v. Dep't of Educ., 665 F.3d 1110, 1123 (9th Cir. 2011). Predetermination violates the IDEA because the Act requires that the placement be based on the IEP, and not vice versa. Id.

The Hearings Officer properly concluded that "the entirety of the July 30, 2012 letter shows that the DOE is not predetermining the appropriateness of any Kailua public school or offering a change of placement." (Admin. R. Ex. 12, April 25, 2013 Decision at p. 11, ECF No. 16).

Rachel H.'s May 10, 2012 IEP provided for educational services that would be implemented at Kalani High School. Principal Otani's July 30, 2012 letter continued to offer Kalani High School as the location where Rachel's May 10, 2012 IEP would be implemented.

The July 30, 2012 letter did not alter the services provided for in Rachel's May 10, 2012 IEP or predetermine that a public school in Kailua would implement her IEP. The letter sought Rachel's new address. 34 C.F.R. § 300.116.

The Defendant DOE has explained that once it received her address, it would have made a determination as to whether the public high school nearest to her new address could implement her May 10, 2012 IEP. (Admin. R. Ex. 6, Decl. of Beverly Reidy, ECF No. 16). If the nearest public high school in Kailua could not have implemented Rachel H.'s May 10, 2012 IEP, the Defendant DOE would have determined what public high school closest to Rachel could have implemented Rachel's IEP. Before such an evaluation could be made, Kalani High School continued to serve as Rachel's home school and served as the location that could have implemented her May 10, 2012 IEP. (Admin. R. Ex. 12, April 25, 2013 Decision at p. 11, ECF No. 16; Admin. Hr'g Tr., Mar. 25, 2013, at pp. 20-22, ECF No. 17).

The Hearings Officer properly determined that Principal

Otani's July 30, 2012 did not make a determination as to what closer high school could implement Rachel H.'s May 10, 2012 IEP. The July 30, 2012 letter continued to offer Kalani High School as the location where Rachel H.'s May 10, 2012 IEP could be implemented.

### C. The Hearings Officer Properly Found that the DOE provided Rachel H. With an IEP for the 2012-2013 Academic Year

At the beginning of each school year, the DOE must have an IEP in effect for each student with a disability within its jurisdiction. HAR § 8-60-47(a).

The Hearings Officer properly determined that Rachel H. was provided an IEP for the 2012-2013 academic year on May 10, 2012. (Admin. R. Ex. 12, April 25, 2013 Decision at pp. 9-10, ECF No. 16).

Rachel's Parents assert that the Defendant DOE was required to provide Rachel H. with a new IEP after receiving her Father's July 22, 2012 email stating that the family was moving to Kailua in August 2012.

The record demonstrates that the Defendant DOE attempted to obtain Rachel H.'s new address prior to the 2012-2013 academic year. Her Parents ignored the DOE's requests. The Parents did not provide Rachel H.'s home address in Kailua until more than five months after the 2012-2013 school year

began.

The Defendant DOE did not have any knowledge that Rachel H. would be moving when it created the May 10, 2012 IEP and issued the May 15, 2012 Prior Written Notice.  Rachel's Parents did not inform the DOE that the family was moving until July 22, 2013.  Rachel's Father did not provide the DOE with Rachel H.'s address in Kailua until January 2013, more than eight months after the IEP's projected beginning date and at least five months after the 2012-2013 academic year began.

Rachel H.'s May 10, 2012 IEP remained in effect for the 2012-2013 academic year.  Her Parents prevented the DOE from providing any update to her IEP based on their move.

The Parents did not request that a new IEP for Rachel H. be created because of the family's move to Kailua.  Instead, her Parents declined the offer of a FAPE provided by the Defendant DOE and unilaterally placed Rachel H. at private school.

The Court finds that the May 10, 2012 IEP and the May 15, 2012 Prior Written Notice provided Rachel H. with a FAPE.  The Hearings Officer's April 25, 2013 Decision is **AFFIRMED**.  The Parents are not entitled to reimbursement for Rachel H.'s attendance at the Academy of the Pacific for the 2012-2013 academic year.

## CONCLUSION

The Administrative Hearings Officer properly determined that the May 10, 2012 Individualized Education Program and May 15, 2012 Prior Written Notice offered Rachel H. a free appropriate public education.

The April 25, 2013 Decision of the Administrative Hearings Officer is **AFFIRMED**.

IT IS SO ORDERED.

DATED:     June 18, 2014, Honolulu, Hawaii.



   /s/ Helen Gillmor

Helen Gillmor
United States District Judge